UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL LEO SCHMELING,

    Plaintiff,

v.

JOHNSON ELECTRIC NORTH AMERICA

    Defendant.
_____/

Case No. 24-10801

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [ECF NO. 3]; DENYING MOTIONS WITHOUT PREJUDICE [ECF NOS. 4, 6, 9, 10, 15, 18, 24, 29, 32, and 34]; AND REMANDING CASE TO STATE COURT</u>**

Plaintiff Daniel Schmeling ("Plaintiff" or "Schmeling") commenced the instant civil action in the Circuit Court for the Third Judicial Circuit, Wayne County, State of Michigan on February 28, 2024. The complaint alleges claims for breach of contract, employment discrimination, and hostile work environment. Defendant Johnson Electric North America ("Johnson" or "Defendant") removed the case to this court on March 28, 2024. And Plaintiff filed a motion for remand on April 1, 2024. *See* ECF No. 3.

The notice of removal asserts diversity jurisdiction. Specifically, it alleges that "Plaintiff is a Tennessee Citizen" and "Defendant is a Connecticut Corporation, with its principal place of business in Michigan." ECF No. 1, PageID.3. Though the

parties are completely diverse, the forum defendant rule applies. Under that rule, a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants [are] citizens of the State in which such action is brought." 28 U.S.C § 1441 (b)(2).

Defendant corporation is a citizen of Michigan. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 1186, 175 L. Ed. 2d 1029 (2010) ("'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business'") (quoting 28 U.S.C. § 1332(c)(1)). Thus, the forum defendant rule prohibits Defendant from removing this case to federal court. *See Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 858 (N.D. Ohio 2008) ("The forum defendant rule generally prohibits defendants from removing a case to federal district court when the concerns that underpin diversity jurisdiction (i.e., prejudice to out-of-state defendants) are not present because the plaintiff chose to file suit in the defendant's own home state courts.") (citations omitted). Removal is improper.

Additionally, there are several recently filed motions pending before the court. *See* ECF Nos. 4, 6, 9, 10, 15, 18, 24, 29, 32, and 34. Since removal was improper the Court **DENIES** all of these motions without prejudice and **REMANDS** the case back to state court.

**SO ORDERED.**

Dated:  May 3, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 3, 2024, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk